NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Argued January 24, 2008
Decided April 22, 2009

Before

RICHARD A. POSNER, Circuit Judge

KENNETH F. RIPPLE, Circuit Judge

JOHN DANIEL TINDER, Circuit Judge

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>      Plaintiff-Appellee,<br><br>No. 06-4123              v.<br><br>GEORGE E. TAYLOR,<br>      Defendant-Appellant. | ] Appeal from the United<br>] States District Court for<br>] the Western District of<br>] Wisconsin.<br>]<br>] No. 06 CR 105<br>]<br>] Barbara B. Crabb,<br>]     Chief Judge. |

**ORDER**

Appellant George Taylor's appeal was pending when the Supreme Court decided *Kimbrough v. United States*, 128 S. Ct. 558 (2007). We therefore remanded Taylor's sentence to the district court for the limited purpose of permitting the sentencing judge to advise this court whether she was inclined to resentence Taylor in light of *Kimbrough*. However, we instructed the district court judge to hold off telling the court whether she was inclined to resentence the defendant under *Kimbrough* until she decided whether to act favorably on a motion to reduce the defendant's sentence under the new guidelines range, U.S.S.G. § 1B1.10(b)(2)(A). *United States v. Taylor*, 520 F.3d 746, 748 (7th Cir. 2008).

Following our opinion, Taylor filed a motion to reduce his sentence, which the district court granted and reduced Taylor's sentence to 87 months, the bottom of the amended guidelines range and the sentence requested by Taylor. The judge explained that

she was persuaded that a reduction to the bottom of the range was justified as a response to the sentencing discrepancy between crack and powder cocaine offenses. She continued that Taylor had not asked for a sentence below the guideline range and that she was not inclined to give him one under any authority she may have under *Kimbrough*. Instead, she noted that the reduced sentence she was imposing would best carry out the statutory purposes of sentencing by reflecting the severity of Taylor's crime, protecting the community, and achieving parity with the sentences of similarly situated defendants.

The district judge resentenced Taylor under the amended guidelines range, and Taylor did not argue that 18 U.S.C. § 3553(a) would warrant a still-lower sentence. The judge confirmed that she would not be inclined to impose a lower sentence in light of *Kimbrough*. Accordingly, we AFFIRM the judgment of the district court.